**United States District Court**
**Northern District of Illinois**
**Eastern Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | No. 19 C 6553 |
| | ) | 10 CR 1068-1 |
| v. | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| FRANCISO MASIAS, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

### MEMORANDUM OPINION AND ORDER

Franciso Masias was convicted on multiple counts relating to drug distribution and sentenced to 22 years in prison. He now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] For the reasons discussed below, Masias's petition [1] is denied.

### BACKGROUND

On December 16, 2010, Francisco Masias was indicted for his role in a cocaine distribution conspiracy, along with co-conspirators, Jose Maldonado and Edwin Rodriguez.[2] Masias was charged with conspiracy to possess with intent to distribute more than five kilograms of cocaine, possession of narcotics with intent to distribute, a firearm charge, and multiple telephone charges. (Indictment [*1] at 1–9.) On December 21, the government filed a notice pursuant to 21 U.S.C. § 851, disclosing that it would seek an enhanced sentence based on one of Masias's two prior felony drug convictions: Illinois cannabis possession and Illinois cocaine possession. (Information [*7].) Under this § 851 sentencing enhancement, Masias faced a 20-year mandatory minimum on his conspiracy charge, *see* 21 U.S.C. § 841(b)(1)(A), and a 30-year statutory maximum on his

---

[1] Citations to Masias's criminal docket (No. 1:10-cr-01068-1) are denoted with an asterisk. All other citations are to Masias's civil docket (No. 1:19-cv-06553).

[2] Maldonado also filed a § 2255 motion, which the court considered separately. *See United States v. Maldonado*, No. 10 CR 1068-2, 2022 WL 124161 (N.D. Ill. Jan. 13, 2022).

1

possession charge.  *Id.* § 841(b)(1)(C).  After Masias pleaded not guilty on all charges, the parties apparently engaged in plea negotiations.  The court set a change of plea hearing for August 14, 2012, which was postponed multiple times and eventually reset to June 14, 2013 [*93, *139].  On that day, however, the scheduled change of plea was stricken, and the court set a date for trial [*141].  Before the scheduled trial date, Masias retained new counsel, Beau Brindley and Michael Thompson, who represented Masias during trial, at sentencing, and on appeal.  [*170].  The court reset the trial, which eventually began on March 16, 2015 [*198].

Defendant Rodriguez pleaded guilty and cooperated in the government's prosecution of Masias and Maldonado.  The government's evidence at trial included Rodriguez's testimony and dozens of recorded conversations between the co-defendants and Rodriguez discussing cocaine transactions.  (Post-Trial Op. [*266] at 1–2.)  In light of this evidence, defense counsel acknowledged that Masias had sold cocaine and was guilty of several of the charged counts, but argued that the evidence did not support the possession or conspiracy charge as described in the indictment.  (Trial Tr. [*306–*319] at 1180–82, 1192.)  In support of this theory of defense, counsel proposed a jury instruction that a conspiratorial agreement requires a "meeting of the minds," and objected to the government's proposed "multiple conspiracies" instruction.  (*Id.* at 1089–1121.)  The court sustained the government's objection to Defendant's proposed instruction and overruled the defense objection to the "multiple conspiracies" instruction.  The jury found Masias guilty of all counts.  (*Id.* at 1410–11.)  In post-trial submissions, defense counsel challenged the court's rulings on jury instructions (Post-Trial Mem. [*235] at 7–8), but the court overruled those objections in a written opinion.  (Post-Trial Op. at 6–11.)

At sentencing, the parties agreed that Masias's base offense level under the Sentencing Guidelines was 32, based on 24 kilograms of cocaine.  (Sent'g Tr. [*353] at 3; Def.'s Sent'g Obj. [*272] at 1.)  The parties also agreed that the two-level enhancement for use of a firearm was warranted, and the court additionally imposed the two-level enhancement for use or threats of

violence.[3]  (Def.'s Sent'g Objs. at 12; Gov't Resp. to Objs. [*294] at 3); *see* U.S.S.G. §§ 2D1.1(b)(1), (2).  The Presentence Investigation Report (PSR) found that other enhancements were applicable, but the government chose to argue those issues as 18 U.S.C. § 3553 sentencing factors instead.  (Sent'g Tr. at 3.)  With a total offense level of 36 and a criminal history category of IV, Masias's guidelines range was 262 to 327 months.[4]  *See* U.S.S.G. Ch. 5, Part A.  Masias was also subject to a 20-year mandatory minimum, based on the § 851 enhancement for his prior felony drug offense.[5]  *See* 21 U.S.C. § 841(b)(1)(A).  Defense counsel argued for imposition of the minimum 20-year sentence, while the government argued for a sentence of 25 years.  (Sent'g Tr. at 20.)  This court imposed a 22-year sentence.  (*Id.* at 19–20.)

On appeal, Masias argued that the evidence was insufficient to prove a conspiracy, and that the district court erred in giving the multiple conspiracies instruction and refusing to give the meetings of the mind instruction.  *See United States v. Maldonado*, 893 F.3d 480, 484–87 (7th Cir. 2018).  But the Seventh Circuit affirmed.  *Id.* at 487.

On September 17, 2019, Masias timely filed the instant petition under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003); Supreme Court Rule

---

[3]     The court heard arguments on the two-level violence enhancement at an earlier sentencing hearing on September 16, 2016.  The transcript for this hearing is not in the record, but the government detailed what occurred in its sentencing briefing.   (*See* Gov't Resp. to Objs. [*294] at 1–3.)

[4]     The PSR found this criminal history category based on 9 criminal history points, even though the listed convictions added up to 10 points.  (PSR [*248] at 14–19).  This error was not addressed by the court or the parties, who all agreed that Masias's criminal history category was IV, which encompasses 7 to 9 criminal history points.  *See* U.S.S.G. Ch. 5, Part A.

[5]     At the time of Masias's sentencing, if the prosecutor filed a notice of one prior felony drug conviction, the mandatory minimum doubled from 10 to 20 years; if the prosecutor filed a notice of two prior felonies, the defendant faced mandatory life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A).  In its § 851 notice, the government explained that it would rely on only one of Masias's two Illinois felony convictions (one for cocaine possession and one for marijuana possession).  But at the September 16, 2016 hearing, Masias claimed that these underlying convictions were misdemeanors, not felonies.  (Gov't Resp. to Objs. at 1–2.)  The government obtained the plea transcript for Masias's cocaine conviction, which confirmed that he pleaded guilty to felony possession.  (Ex. A to Gov't's Resp. to Obj. [*294-1] at 11; *see* Sent'g Tr. at 2.)  The government did not obtain the plea transcript for his marijuana conviction.

13.3.  Masias raised twelve grounds for relief: ten relating to his counsel's allegedly ineffective performance, one relating to the Illinois cannabis convictions used to enhance his sentence, and one generally relating to his constitutional rights.  (Def.'s Pet. [1] at 1–14.)

## DISCUSSION

An individual in federal custody may file a petition under 28 U.S.C. § 2255, which allows for relief only where there has been "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (quotation marks omitted).  Section 2255 provides "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."  *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).  Given this, the defendant must "state the facts supporting each ground" for relief before the district court reopens his case.  *See* Rules Governing § 2255 Proceedings 2(b)(2); *see also Mayle v. Felix*, 545 U.S. 644, 656 (2005) (explaining that habeas petitioners must "plead with particularity"); *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (holding that a § 2255 petitioner must "include an affidavit setting forth the specific basis for relief.").  While the statute entitles the defendant to an evidentiary hearing if he "alleges facts that, if proven, would entitle him to relief," *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001), such a hearing is not necessary "if the petitioner makes conclusory or speculative allegations rather than specific factual allegations."  *United States v. Coscia*, 4 F.4th 454, 482 (7th Cir. 2021).

The court concludes that Masias has not demonstrated that he is entitled to relief or to an evidentiary hearing.  Much of his petition fails for lack of factual specificity, and the rest fails on the merits.[6]

---

[6]    The government asks this court to hold Masias's entire § 2255 petition waived, because many of his original allegations lack factual specificity and all lack citations to caselaw. The court declines to deny Masias's pro se petition on waiver grounds, and instead considers the merits of his claims to the extent possible.

## I.        Ineffective Assistance

Masias primarily contends that he did not receive the effective assistance of counsel guaranteed by the Sixth Amendment.  To prove this, Masias must establish that: (1) his attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that the outcome of the proceedings would have been different, but for the attorney's failures.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A defendant's right to effective counsel extends beyond trial and includes plea negotiations and sentencing.  *See Lafler v. Cooper*, 566 U.S. 156 (2012); *Glover v. United States*, 531 U.S. 198 (2001).  But whatever the context, the court's review of counsel's performance is "highly deferential," and "there is a strong presumption that any decisions by counsel fall within a wide range of reasonable [ ] strategies." *Valenzuela v. United States*, 261 F.3d 694, 698–99 (7th Cir. 2001).  Masias's claims do not provide enough factual specificity to overcome this presumption, or to establish prejudice.

### A.        Pre-Trial (Grounds 1–2)

In Ground One, Masias alleges that his attorneys failed to advise him "as to all facts and law relevant to his decision to plead not guilty and proceed to trial," and that Masias "would have pleaded guilty and/or nolo contendere and/or proceeded to a bench trial on stipulated facts and/or would have pleaded to a FED. R. CRIM. P 11(c)(1)(C) agreement which substantially reduced his sentence exposure."  (Def.'s Pet. at 5–6.)  In the plea context, a defendant must make "*some* threshold showing of the evidentiary basis, beyond mere conclusory allegations, that supports a finding that the government in fact offered a plea deal."  *Martin v. United States*, 789 F.3d 703, 707 (7th Cir. 2015).  Though the government contends that Masias has not made this preliminary showing, the court will assume that he could do so here, where the docket entries setting change of plea dates may be enough to meet the nominal burden.  *See id*. Masias's claim nevertheless fails, because he has not shown deficient representation or prejudice.

Masias's broad allegation about counsel's performance, without identifying any specific "facts" or "law" that counsel failed to investigate, is not enough to show that counsel acted

unreasonably. *See United States v. Cieslowski*, 410 F.3d 353, 358 (7th Cir. 2005) ("[I]n the plea bargaining context, a defendant must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence."). Nor has Masias established prejudice by listing potential alternatives to trial that he might have pursued. He has not made any showing that the government offered him a specific plea deal or that any such deal would have been presented to and accepted by the court—in fact, he does not even specifically allege he would have pursued a plea, as opposed to something else. *See Foster v. United States*, 735 F.3d 561, 566 (7th Cir. 2013). And as Masias offers no details concerning any plea agreement, he cannot establish that the sentence he would have received under any proposed plea deal would have been less severe than the one imposed. *See id.*

Ground Two similarly fails. Masias alleges that his counsel failed to "move for dismissal of the indictment," and did not "timely, properly, and effectively move for suppression of evidence." (Def.'s Pet. at 6.) Masias offers no grounds upon which counsel should have moved to dismiss the indictment, and therefore cannot establish ineffective assistance on this basis. *Cf. Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (rejecting an ineffective assistance claim where the defendant "failed to advance any specific valid ground upon which his counsel should have objected to the trial court's [sentencing] enhancement"). Nor has Masias as identified what evidence should have been suppressed, why it should have been suppressed, or how the suppression would have changed the outcome at trial. *See United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004) (to establish that counsel was deficient for failing to move to suppress under the Fourth Amendment, "a defendant must first prove that the Fourth Amendment claim is meritorious"). Counsel's pre-trial performance offers no grounds for finding ineffective assistance.

### B.    Trial (Grounds 3–5)

Masias also raises several complaints about counsel's trial performance. In Ground Three, he alleges that counsel failed to "object to the unlawful admission of evidence by the prosecution," or "investigate or present available, material, exculpatory evidence and testimony."

6

(Def.'s Pet at 7.)  Like his suppression argument, his argument concerning counsel's purported failures to object is completely underdeveloped.  Masias has not identified any evidence that should have been excluded, or any grounds for objection; he offers no support for an ineffective assistance claim on this basis.  Similarly, he presents no information about the exculpatory evidence that he claims counsel should have presented or uncovered, let alone provided "sufficiently precise information," or "a comprehensive showing as to what the investigation would have produced."  *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004); *cf. Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013) ("In a failure to investigate case, a defendant must prove that evidence uncovered during that investigation would have led the attorney to change her recommendation to accept the plea offer.").

Ground Four alleges that "counsel failed to advise Mr. Masias that he had a right to testify at trial *and* that the determination as to whether to testify was ultimately Mr. Masias's to make— not the attorney's."  (Def.'s Pet. at 8.)  If proven, this could constitute deficient performance.  *See Galowski v. Murphy*, 891 F.2d 629, 636 (7th Cir. 1989) ("The attorney may not, as a tactical decision, forbid the defendant from testifying, but instead may only advise the defendant as to what the best approach would be.").  But Masias has failed to establish prejudice, meaning a reasonable probability that he would have testified and his proposed testimony would have affected the jury's verdict.  *See Hartsfield v. Dorethy*, 949 F.3d 307, 316 (7th Cir. 2020).

The record contradicts Masias's contention that but for his counsel's advice, he "would have taken the witness stand and directly rebutted the allegations of the indictment and the prosecution's evidence."  (Def.'s Pet. at 8.)  The record also defeats any suggestion that Masias did not know that the decision to testify was his to make.  Before the government closed its case at trial, this court informed Masias of his "absolute right" to take the stand, explaining "you will talk to your lawyers about it, but it's ultimately, in the end, your decision whether or not you are going to testify."  (Trial Tr. at 900.)  Then, after the government rested, the court reminded Masias:

You are entitled to take the stand in your own defense. That's your right. You are also free not to testify. . . . this is something you, of course, discussed with your lawyers, but it's ultimately your decision alone. It's one that you have to make on your own about whether or not you wish to testify, not to ignore what your lawyers have to say, but to recognize that this is your own right.

(*Id.* at 982–93.) Masias responded that he did not wish to testify and that this was his own decision. (*Id.* at 983.) In his § 2255 motion, Masias provides no reason to second guess the genuineness of this response. *See Ward v. Jones*, No. 20 C 0556, 2021 WL 1058082, at *4 (N.D. Ill. Mar. 18, 2021) (finding no prejudice where defendant was asked whether he wished to testify and definitively declined). Nor has Masias explained what his proposed testimony would be, or how this testimony would have rebutted the government's evidence, which included recorded phone conversations in which Masias discussed his drug dealing. *See id.* ("[W]ithout having some general idea of what his testimony would have been, the Court cannot conclude that such testimony would have changed the jury's verdict.").

Masias's last challenge to counsel's trial performance is Ground Five, in which he claims that counsel failed to: "request appropriate jury instructions," "object to insufficient instructions," and object to or request curative instructions for the prosecution's "improper [closing] argument." (Def.'s Pet. at 9.) Again, Masias has not identified what part of the prosecution's argument was improper, or what objections counsel should have interposed. Nor has he identified what jury instructions counsel should have requested or opposed.[7] Without such information, the court is unable to conclude that counsel erred at all, or that any error prejudiced Masias. *See Cates v.*

---

[7]     To the extent Masias takes issue with his counsel's performance regarding the multiple conspiracies and meeting of the mind jury instructions, which were litigated in a post-trial motion and on appeal, the court disagrees. Masias's counsel repeatedly argued that a "meeting of the minds" instruction was proper; this court and the Seventh Circuit disagreed. *See United States v. Maldonado*, 893 F.3d 480, 487 (7th Cir. 2018). The fact that counsel adamantly tried but was ultimately unsuccessful in getting the defendant's desired instruction admitted does not mean he was constitutionally deficient. Similarly, defense counsel objected to the government's requested multiple conspiracies instruction at trial, after trial, and on appeal; his lack of success does not necessarily show ineffectiveness. *See id.* at 486–87; *see also Maldonado*, 2022 WL 124161, at *5–6 (rejecting Masias's co-defendant's argument that his counsel was ineffective for his actions related to the multiple conspiracies instructions).

*United States*, 882 F.3d 731, 736–38 (7th Cir. 2018) (failure to object to jury instructions is ineffective assistance if the instruction misstates the law and there is a reasonable probability a properly instructed jury would have found the evidence insufficient to convict); *Pisciotti v. Washington*, 143 F.3d 296, 301 (7th Cir. 1998) (to establish prejudice in the context of prosecutorial misconduct, the defendant "must demonstrate that the prosecutor's comments so infected his trial with unfairness that it caused the jury to reach a verdict of guilty when otherwise it might have reached a verdict of not guilty") (quotation marks omitted). Counsel's trial performance offers no grounds for relief.

### C. Post-Trial (Grounds 6–8)

Next, Masias raises objections to his counsel's performance after trial. Ground Six again fails for lack of any factual basis: in his original petition, Masias claimed that, at sentencing, counsel failed to investigate or present unspecified "evidence and legal authority," and failed to object to unidentified "unlawful, false, and unreliable evidence."[8] (Def.'s Pet. at 10.) For reasons already discussed, a post-conviction petitioner cannot establish ineffective assistance in a failure to object without identifying the objectionable evidence or meritorious grounds for the defaulted objection. *Cf. Fuller*, 398 F.3d at 652; *Stewart*, 388 F.3d at 1084. Nor can he broadly allege a failure to investigate without identifying the missing evidence that the investigation would have uncovered. *See Warren*, 712 F.3d at 1097; *Richardson*, 379 F.3d at 488.

Ground Seven also takes issue with counsel's performance at sentencing, arguing that defense counsel "failed to move for a downward departure or a downward variance under 18 U.S.C. § 3553(a)." (Def.'s Pet. at 11.) But counsel did recommend and argue for a 20-year sentence, the lowest possible sentence under Masias's mandatory minimum. (Sent'g Tr. at 15.) Had counsel argued for something still lower, the court could not have granted his request. *See*

---

[8] In his supplemental clarification, Masias identifies a specific legal challenge to his § 851 predicate offense that defense counsel failed to make. The court considers this separately. *See* Part III.

*United States v. McMutuary*, 217 F.3d 477, 486 (7th Cir. 2000) (explaining that the district court may depart below a mandatory minimum only where the government files a 18 U.S.C. § 3553(e) motion for substantial assistance). To the extent Masias argues that defense counsel should have made additional mitigation arguments at sentencing, this alleged failure cannot support an ineffective assistance claim. Assuming any such failure was deficient, it was not prejudicial. Masias was sentenced to 22 years, or 264 months—the low end of his 262 to 327-month guidelines range—even though this court believed a sentence of 300 months was "warranted" given his "very long history of ugly violence." (Sent'g Tr. at 19–20.) The court noted that Masias was "routinely involved in or blithe to the possibility of violence, resistant to the police, disdainful of the police, on one occasion actually solicit[ed] the assistance of a pit bull to attack police." (*Id.* at 19.) But, as defense counsel pointed out, Masias's co-defendant received 264 months, and so the court imposed that sentence on Masias as well. (*Id.* at 16, 20.) Based on this record, further sentencing arguments from defense counsel would not have resulted in a lower sentence.

In Ground Eight, Masias claims ineffective assistance in the direct appeal process, that counsel failed "to investigate or present the strong issues available" and to "preserve viable issues for collateral review." (Def.'s Pet. at 11.) To receive relief on this ground, Masias must establish that appellate counsel "failed to raise an issue that was both obvious and clearly stronger than the issues he did raise," *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009), and there is a reasonable probability that the defaulted issue "would have altered the outcome of the appeal." *Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010). Masias does not identify what issues his counsel should have raised or preserved on appeal, and so he has not met his burden. Defense counsel's post-trial performance does not support a finding of effective assistance.

### D.    Conflict of Interest (Ground 9)

Masias also claims, in Ground Nine, that his counsel "labored under an actual conflict of interest." (Def.'s Pet. at 12.) Specifically, Masias alleges that Attorney Beau B. Brindley had a "competing interest" because Brindley himself was under federal investigation and then indicted

by the government while representing Masias.[9]  (Def.'s Aff. [5] at 1.)  This, according to Masias, caused Brindley to spend "significant" time on his own case and to defend Masias less aggressively. (*Id.*)

A criminal defendant may bring an ineffective assistance claim where his counsel was burdened by a conflict of interest, including where his counsel is "under investigation by the prosecutors of [his] client."  *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010); *see also United States v. Barnes*, 909 F.2d 1059, 1065 (7th Cir. 1990) (explaining that criminal defendants have a right to counsel with "undivided loyalties").  But a defendant cannot bring such a claim where he knowingly and intelligently waived the right to conflict-free counsel.  *United States v. Lowry*, 971 F.2d 55, 60 (7th Cir. 1992).  The Seventh Circuit, and courts in this district, have therefore rejected ineffective assistance claims based on the investigation and indictment of Attorney Brindley where the defendant waived the conflict.  *See United States v. Lewisbey*, 843 F.3d 653, 657 (7th Cir. 2016) (no ineffective assistance where the defendant "affirmatively waived any conflict arising from Brindley's [criminal] proceeding"); *accord Price v. United States*, No. 20 C 1184, 2021 WL 2823093, at *11–12 (N.D. Ill. July 7, 2021); *United States v. Galicia*, No. 21 C 21, 2022 WL 103704, at *4–5 (N.D. Ill. Jan. 11, 2022).

The court finds that Masias knowingly and intelligently waived the conflict in this case.  A defendant's waiver is knowing and intelligent if he has "sufficient awareness of the relevant circumstances and likely consequences."  *Lowry*, 971 F.2d at 60.  That Brindley was under

---

[9]    The same day that Masias filed his § 2255 petition, he moved for leave to file an amended petition, explaining that he planned to supplement his "placeholder" motion with the relevant facts once he reviewed his records.  (Def.'s Mt'n to Am. [3] at 2.)  Masias then filed an affidavit on October 15, 2019, after § 2255's one-year deadline expired. (Def.'s Aff. [5] at 3).  But the government did not object to the affidavit's timeliness.  *See Anderson v. United States*, 981 F.3d 565, 571 (7th Cir. 2020) (explaining that the government may forfeit § 2255's statute of limitations defense).  In any event, the affidavit is timely, because it relates back to Masias's original petition.  The affidavit provides further details about defense counsel's conflict of interest and Masias's Illinois cannabis convictions, both of which were in fact raised in his original petition. (Def.'s Pet. at 10, 12); *see Beason v. Marske*, 926 F.3d 932, 938 (7th Cir. 2019) (holding that an amended § 2255 petition must have a "common core of operative facts" to relate back).  The court will therefore consider the information set forth in Masias's affidavit with respect to this claim.

investigation was well-known prior to the trial in this case. The court specifically reviewed the issue with Masias, stating:

> [W]e have talked before about the fact that Mr. Brindley was under investigation and then ultimately was indicted by the government on charges relating to other cases. . . . And that relationship between Mr. Brindley and the government as adversaries might make a difference for your case, in the sense that one might be concerned that Mr. Brindley might do something or say something in this case in a way to influence the government with respect to his own circumstances.

(Pre-Trial Tr. [305] at 29–30.) When asked by the court if he understood this, Masias responded, "Yes." (*Id.*) Masias again responded "Yes," after the court asked, "You are waiving the conflict, to the extent there is one at all; is that right?" (*Id.* at 31.) This was sufficient information for Masias to understand the "fairly obvious" risks of Attorney Brindley's representation: that he "might either try too hard, damaging [Masias's] case because he was personally angry at the prosecutors, or not try hard enough, attempting to curry the prosecutor's favor." *Lowry*, 971 F.2d at 62; *see Price*, 2021 WL 2823093, at *12 (finding that defendant had enough information "to weigh the risks and benefits" of conflicted-representation where the court informed him that "counsel could use [the defendant's] trial to curry favor with the prosecution for counsel's own criminal matters"). Masias offers no reason why the court should doubt his affirmative waiver or understanding of the risks. The waived conflict cannot support a finding of ineffective assistance.

### E. Cumulative Effect (Ground 10)

Masias also alleges that the cumulative impact of his counsel's failures amounts to a Sixth Amendment violation. "Although a specific error, standing alone, may be insufficient to undermine the court's confidence in the outcome, multiple errors together may be sufficient." *Hough v. Anderson*, 272 F.3d 878, 891 n.3 (7th Cir. 2001). To demonstrate cumulative error, Masias must establish: (1) at least two trial errors, which (2) considered together with the entire record, so infected the jury's deliberation that the trial was fundamentally unfair. *Alvarez v. Boyd*, 225 F.3d 820, 824 (7th Cir. 2000); *see Patterson v. United States*, No. 11 C 8804, 2015 WL 4555175, at *8 (N.D. Ill. July 27, 2015) (applying this standard to a § 2255 petition). The basis for finding any

12

error is thin. Masias has alleged that counsel failed to explain his right to testify—a failure that, if it occurred at all, was cured in open court. And, as discussed below, the court will assume without deciding that counsel was deficient for failing to object to the underlying predicate offense for his § 851 enhancement. But Masias has not explained how these alleged errors—one at trial and one at sentencing—could have combined in such a way to deprive him a fundamentally fair outcome, or even how they prejudiced him at all. This is not a basis for relief.

## II.     Illinois Cannabis Convictions (Ground 11)

In Ground Eleven of his petition, Masias asks this court to hold his case in abeyance pending the results of proceedings in Illinois court, where Masias has filed a petition seeking expungement and vacatur of his prior cannabis convictions pursuant to Illinois's Cannabis Regulation and Tax Act. *See* P.A. 101-27 (H.B. 1438), eff. June 25, 2019. Masias's marijuana convictions added two criminal history points to his guidelines calculation, and one was a potential predicate offense for his § 851 enhancement (the government also listed an Illinois cocaine conviction, which Masias separately challenges). According to Masias, once these convictions are vacated, his federal sentence will also be invalid. (Def.'s Pet. at 14; Def.'s Aff. at 1–2.)

Typically, a defendant may not use § 2255 to collaterally attack a state conviction that was used to increase his federal sentence. *Johnson v. United States*, 544 U.S. 295, 303 (2005). Instead, he must first seek vacatur in state court; once the underlying state conviction is vacated and his § 2255 claim has become ripe, the defendant may then seek federal relief. *See McNair v. United States*, 962 F.3d 367, 369 (7th Cir. 2020). The federal court must treat the state vacatur as a new "fact" that re-triggers § 2255's one-year deadline, and the newly ripe claim as an "initial," rather than a second or successive, § 2255 petition. *See id.* However, in some "narrow circumstances," the court may exercise its discretion to stay the unripe § 2255 claims until the state proceedings resolve: "where there is good cause for the petitioner's stay request, the claim is potentially meritorious, and there is no indication that the petitioner is engaging in dilatory tactics." *Purvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011).

Masias faces several hurdles in demonstrating that the challenge to his federal sentence, based on the expungement and vacatur of his Illinois marijuana convictions, is "potentially meritorious." Masias appears to locate the basis for § 2255 relief in the due process right to be sentenced with accurate factual information. (Def.'s Reply [25] at 5–6); *see United States v. Tucker*, 404 U.S. 443, 447–48 (1972); *United States v. Miller*, 900 F.3d 509, 513 (7th Cir. 2018). To receive § 2255 relief on this ground, the defendant must demonstrate (1) the information before the sentencing court was "inaccurate," and (2) the sentencing court "relied" on the misinformation. *U.S. ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir. 1984).

The court is skeptical that Masias can prove reliance in this case. "A court demonstrates actual reliance on misinformation when sentencing if the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misinformation before imposing sentence." *United States v. Propst*, 959 F.3d 298, 304 (7th Cir. 2020) (quotation marks omitted). This court expressly mentioned Masias's "long criminal history," and the violent conduct described in the arrest reports for Masias's marijuana convictions—but not on the drug convictions themselves. (Sent'g Tr. at 19–20.) And subtracting the two marijuana convictions keeps Masias in the same Guidelines criminal history category and sentencing range, which was entirely above his § 851-enhanced minimum. Moreover, for that § 851 enhancement, the government ultimately relied on Masias's Illinois cocaine conviction (which, as described below, he has not successfully challenged on collateral review), not his marijuana conviction. (Gov't Resp. to Objs. at 1–2; Ex. A to Gov't Resp. to Obj. [*294-1] at 11; Sent'g Tr. at 2.) To the extent there was error, it appears harmless. *See Ruiz v. United States*, 990 F.3d 1025, 1030–31 (7th Cir. 2021).

Additionally, Masias must establish "misinformation"—but at the time of sentencing, Masias did, in fact, have valid marijuana convictions. The question is whether an Illinois court may nullify those convictions for purposes of federal sentencing, allowing him to seek collateral review. *See Johnson*, 544 U.S. at 300–01 (assuming defendant could collaterally attack his enhanced federal sentence after a state court vacated his predicate convictions as obtained in

14

violation of the Sixth Amendment); *Tucker*, 404 U.S. at 447–48 (affirming habeas relief where defendant was sentenced based on a prior state conviction later found to have violated the Sixth Amendment, and characterizing this as "misinformation of constitutional magnitude"). Typically, vacated state convictions cannot constitute predicate offenses for federal recidivist statutes, because vacatur "in effect, nullifies that conviction; it is as if that conviction no longer exists." *United States v. Sanders*, 909 F.3d 895, 902 (7th Cir. 2018). But expunged state convictions may still enhance federal sentences, because expungement does not "alter the [conviction's] legality" or "signify that the defendant was innocent." *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 115 (1983). Although Masias seeks to have his convictions vacated as well as expunged, this is pursuant to a state policy unrelated to innocence or legal error, such as a constitutional violation. The parties have not briefed whether type of vacatur means Masias's marijuana convictions "no longer exist," such that § 2255 relief is available.

Given these complications, the court declines to stay Masias's petition. The court notes that according to his affidavit, Masias filed his petition to expunge and vacate his Illinois convictions on October 15, 2019. Since then, he has not updated the court on the state proceedings, including when he expects the case to end. Because of the uncertain merits and timeline, and because the resolution of this issue does not affect any other ground for relief, Masias's request to stay is denied. If his Illinois convictions are vacated, he may file a § 2255 petition in federal court within one year of any such ruling.

### III. *Ruth* Argument (Grounds 6, 12)

In his supplemental clarification, Masias raises a new argument based on *United States v. Ruth*, 966 F.3d 642, 650 (7th Cir. 2020). In that case, the Seventh Circuit held that Illinois's definition of cocaine was categorically broader than the federal definition, meaning that Illinois cocaine offenses—including Masias's conviction for cocaine possession—cannot be "felony drug offenses" for purposes of an § 851 enhancement. Masias claimed in his supplemental submission that the use of his Illinois conviction to trigger a 20-year mandatory minimum under § 851 violated

15

his due process rights. (Def.'s Supp. Mem. [28] at 1.) In response, the government contends that the *Ruth* argument was untimely raised in the supplemental clarification (filed on April 29, 2021, well after the one-year deadline), and did not relate back to Ground Twelve of Masias's original petition, which stated—without elaboration—that his sentence and conviction violated his right to due process and several other constitutional provisions. (Gov't Supp. Resp. [32] at 5–9.)

The government further argues that the argument is procedurally defaulted, because Masias could have raised a *Ruth*-like challenge to his § 851 predicate offense at sentencing or on direct appeal. Besides ineffective assistance of counsel claims, claims not exhausted on direct appeal are procedurally defaulted, meaning they cannot be raised for the first time on collateral review. *See White v. United States*, 8 F.4th 547, 554–57 (7th Cir. 2021) (holding a *Ruth*-like argument procedurally defaulted where the defendant did not challenge his predicate offense when sentenced in 2013). In reply, Masias avoids procedural default by instead arguing that his counsel was ineffective for failing to raise a *Ruth*-like challenge at sentencing. *See United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020) (explaining that ineffective assistance claims should typically be raised for the first time under § 2255). This argument, according to Masias, relates back to Ground Six of his original petition, which alleges that counsel failed to present available "legal authority" at sentencing. (Def.'s Supp. Reply [37] at 1–2.)

The court need not consider whether Masias's *Ruth* argument relates back to his original ineffective assistance of counsel claim, because it fails on the merits. Defense counsel is generally not deficient for failing to predict a change in the law. *Valenzuela*, 261 F.3d at 700 ("The Sixth Amendment does not require counsel to forecast changes or advances in the law."). However, there are certain circumstances where counsel may be "required to anticipate arguments foreshadowed but not yet adopted by existing case law." *Bridges v. United States*, 991 F.3d 793, 804 (7th Cir. 2021). By the time of Masias's sentencing in 2017, the categorical approach underlying the Seventh Circuit's decision in *Ruth* was "well-established," even though *Ruth* itself was not decided until several years after his sentencing. *Harris v. United States*, 13

16

F.4th 623, 626 (7th Cir. 2021) (finding, on the specific facts, that defense counsel was not ineffective in October 2017 for advising defendant to accept a plea offer for a lower sentence rather than raising a *Ruth*-style challenge after trial).  The court assumes without deciding that counsel should have predicted and raised a *Ruth*-like challenge at sentencing or on appeal, as Masias's argument fails on prejudice.

The government listed two potential predicate offenses for Masias's § 851 enhancement: the Illinois cocaine conviction and an Illinois cannabis conviction.  Assuming the cannabis conviction (which Masias seeks to vacate) would not support the § 851 enhancement, Masias has not established that his sentence would have been lower had counsel successfully challenged the cocaine conviction.  Though the § 851 enhancement triggered a 20-year mandatory minimum, the record demonstrates that this did not affect the court's imposition of a 22-year sentence. Masias's guidelines range was about 22 to 27 years—above the mandatory minimum.  (Sent'g Tr. at 3.)  And at sentencing, this court emphasized his "long criminal history," which "involve[d] violence and firearms," and concluded that Masias "has earned the mandatory minimum sentence that I have to impose in this case, and then some.  The only question is, how much then some?" (*Id.* at 19–20.)  The court believed that the 25-year sentence the government proposed—five years more than the mandatory minimum—was "reasonable" and "warranted." The court was, however, "uncomfortable imposing a sentence [ ] greater than" the 22-year sentence Masias's co-defendant received, and therefore also sentenced Masias to 22 years.  (*Id.* at 20.)  In sum, the court believed Masias deserved a sentence higher than the mandatory minimum, and selected his sentence based on factors unrelated to that minimum (specifically, his criminal history and his co-defendant's sentence).  *Cf. United States v. Adigun*, 703 F.3d 1014, 1023 (7th Cir. 2012) (finding harmless error where defendant's sentence and guidelines range were above the erroneously calculated minimum and the record showed that "the error had no effect on the sentence the district court selected").  There is not a reasonable probability Masias's sentence would have been lower but for his counsel's alleged error.

17

Finally, the court rejects any attempt by Masias to raise any other argument based on Ground Twelve of his petition. That ground broadly alleges that Masias's sentence and conviction violated numerous of his constitutional rights, but does not expand on any of these arguments. (Def.'s Pet. at 13.) This does not provide any specific facts supporting a constitutional violation, and the court therefore cannot grant relief under § 2255.

## **CONCLUSION**

For the foregoing reasons, Petitioner Francisco Masias's motion to vacate his conviction pursuant to § 2255 is denied. The court makes no comment on the merits of any petition Masias may file, should the state court grant his petition for vacatur of his Illinois marijuana conviction. The court concludes that reasonable jurists would not debate this court's conclusion that Petitioner has not made a a substantial showing of the denial of a constitutional right, and therefore declines to issue a certificate of appealability. Judgment will enter in favor of the United States.

ENTER:

Dated: February 14, 2022

REBECCA R. PALLMEYER
United States District Judge

18